UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> NORTHWESTERN UNIVERSITY, <br><br> Defendant. | Case No. 1:24-cv-04125-JRB-JC <br><br> Honorable John Robert Blakey |

**JOINT INITIAL STATUS REPORT**

Plaintiff John Doe ("Plaintiff") and Defendant Northwestern University ("Northwestern") by and through their attorneys, have conferred as required by the Court's May 21, 2024 Order (Dkt. No. 6) and jointly submit the following Initial Status Report.

**Service of Process**

Northwestern was served with the Complaint on May 22, 2024. *See* Dkt. No. 7. The parties have agreed that Northwestern may answer or otherwise respond to the Complaint by July 22, 2024.

**Nature of the Case**

    a. **Attorneys of record, and lead trial counsel, for each party.**

        **Attorneys for Plaintiff:**

        Elizabeth A. Fegan (Lead Counsel)
        FEGAN SCOTT LLC
        150 S. Wacker Dr., 24th Floor
        Chicago, IL 60606
        Ph: 312.741.1019

Fax: 312.264.0100
beth@feganscott.com

Jonathan D. Lindenfeld (*Pro Hac Vice*)
FEGAN SCOTT LLC
305 Broadway, 7th Floor
New York, NY 10007
Ph: 332.216.2101
Fax: 312.264.0100

David Freydin
LAW OFFICES OF DAVID FREYDIN
8707 Skokie Blvd # 312
Skokie, IL 60077
Ph: 312.544.0365
Fax: 866.575.3765

**Attorneys for Defendant:**

James A. Morsch
Casey Grabenstein
Elizabeth Thompson
Megan Warshawsky
SAUL EWING LLP
161 North Clark Street, Suite 4200
Chicago, IL 60601
Ph: 312-876-7100

Joshua Richards
SAUL EWING LLP
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Ph: 215-972-7737

 **b. Basis for federal jurisdiction.**

 The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 over claims arising under Title VI. The Court also has jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). In addition, the Court has supplemental jurisdiction over Plaintiff's state law claim under 28 U.S.C. § 1367(a) because those claims arise out of the same case or controversy as Plaintiff's federal claim.

**c. Nature of the claim(s) and any counterclaim(s), or affirmative defense(s).**

Plaintiff alleges that he is an openly Jewish graduate student enrolled in Northwestern Weinberg College of Arts & Science. Plaintiff alleges that he and other Jewish students have experienced severe and pervasive harassment and discrimination at Northwestern since October 7, 2023, which Northwestern was deliberately indifferent to and failed to take reasonable steps to address. In particular, Plaintiff alleges that Northwestern permitted students, employees, and persons unaffiliated with Northwestern to shout and spread antisemitic vitriol on campus which was directed at Plaintiff and other Jewish students based on their shared ancestry and ethnic identity as Jews. Plaintiff alleges that Northwestern was aware of such antisemitic conduct directed at Jewish students and knowingly allowed it to continue on campus. Accordingly, Plaintiff alleges that he and other Jewish students at Northwestern have been denied equal access to Northwestern educational opportunities and equal access to Northwestern's campus. Plaintiff alleges that Northwestern's conduct violates Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d et seq.) and constitutes a breach of the contract entered into by Plaintiff and Northwestern at the time of enrollment.

Northwestern disputes the allegations of the Complaint and both theories of liability. Northwestern contends it did not discriminate against its Jewish students or unfairly deny them access to classrooms and campus resources during the political protests at Northwestern's Evanston campus following the horrific events of October 7, 2023. Northwestern also disputes that any of the statements from the various student policies, websites, and other documents quoted in the Complaint can form the basis for a contract. Northwestern further contends that its students do not have an implied contract with the University to protect them against unwelcome political speech or to provide them unencumbered access to classrooms and other campus activities during

3

demonstrations by other students, and even if there is such an implied agreement, Northwestern did not breach it. Northwestern further disputes Plaintiff's allegation that such speech created a hostile environment that is actionable under Title VI or that the University's response to the political protests on campus was deliberately indifferent, as required under governing legal standards. Finally, Northwestern disputes that there is any need for injunctive relief since the encampment referenced in the Complaint has been removed and disciplinary proceedings against students who violated the University's Student Code of Conduct are ongoing.

**d. State the major legal and factual issues anticipated in the case.**

Plaintiff anticipates the following major legal and factual issues in the case:

- The extent to which Jewish students faced a hostile environment and discrimination at Northwestern based on their actual or perceived shared ancestry or ethnic identity as Jews.

- Northwestern's knowledge concerning the hostile environment and discrimination Jewish students faced on campus.

- Northwestern's response to antisemitism on its campus.

- Whether the Northwestern Student Handbook, demonstration policy, and anti-discrimination policies, among other Northwestern policies governing conduct on campus, are implied terms of the contract formed between Plaintiff and Northwestern at the time of enrollment.

- Whether Northwestern ignored violations of its Student Handbook when the prohibited conduct concerned Jewish victims and antisemitism.

- The extent to which Plaintiff and other Jewish students were denied equal access to Northwestern educational opportunities and equal access to Northwestern's campus.

- Whether Northwestern violated Title VI of the Civil Rights Act of 1964 by allowing and/or failing to address the hostile environment and discrimination Jewish students faced on campus.

- Whether Plaintiff is entitled to injunctive relief, including as demanded in paragraph 17 of the Complaint (Dkt. No. 1). and

- Plaintiff's injuries caused by Northwestern's conduct alleged in the complaint.

4

Northwestern anticipates the following major factual and legal issues in the case:

- Whether the statements from Northwestern's Student Handbooks, policies, and websites quoted in the complaint can form the basis for an express contract.

- Whether there is an implied contract between Northwestern and its students.

- The scope of any contract between Northwestern and its students, including whether that contract gives Plaintiff and members of the putative class the right to demand that Northwestern terminate employees, discipline other students, enforce its Student Code of Conduct, provide unfettered access to classrooms and campus facilities, and ensure that students are not subject to hateful speech and conduct.

- Whether the conduct alleged is sufficient to establish a hostile environment under Title VI and whether the Northwestern's response to the protests on campus was deliberately indifferent.

- Whether members of the putative class are ascertainable given that Northwestern does not track the religious affiliation of its students or the identities of students who participated in the anti-Israel protests or were injured as a result thereof.

- Whether the Plaintiff is an adequate and typical class representative.

- Whether Plaintiff's claims raise common issues that will predominate over individual issues affecting the claims of members of the putative class.

- Whether Plaintiff and members of the putative class suffered a cognizable injury as a result of Northwestern's purported actions.

- Whether the damages sought by Plaintiff and members of the putative class are calculable and/or are barred by the educational malpractice doctrine.

- Whether Plaintiff's claims are ripe in light of Northwestern's ongoing efforts to combat antisemitism and because disciplinary proceedings against students who violated the University's Student Code of Conduct are ongoing.

- Whether Plaintiff has standing to obtain injunctive relief, the scope of that relief and the practicability of Northwestern providing such relief.

**e. Describe the type and calculation of damages and any other relief sought by Plaintiff.**

Plaintiff seeks on behalf of himself and a Class comprised of Jewish students enrolled at Northwestern at the Evanston campus for the 2023-2024 academic year (as further defined in

¶¶ 320-321 of the Complaint): (i) a declaration that Northwestern's actions, as alleged in the Complaint, violate Title VI and constitute a breach of contract; (ii) an award of compensatory and punitive damages in an amount to be determined at trial; and (iii) an order compelling it to implement institutional and concrete remedial measures, including: (a) investigating and taking disciplinary measures, including termination, against deans, administrators, professors, and other employees responsible for the antisemitic abuse permeating Northwestern leading to the intolerable hostile environment, whether because they engaged in it or permitted it; (b) investigating and taking disciplinary measures, including suspension or expulsion, against students and student organizations who engaged in such conduct; (c) implementing required antisemitism training for Northwestern community members; (d) investigating all instances of antisemitism that occurred at the April 25-29, 2024 unauthorized encampment on Northwestern's campus; and (e) appointing a neutral expert monitor to oversee compliance with this Court's order, Northwestern anti-discrimination and -harassment policies, and Title VI.

Plaintiff also seeks class certification pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3).

Northwestern disputes that Plaintiff or members of the putative class suffered a cognizable injury under Article III or Title VI. Until the identity of the name Plaintiff is revealed, Northwestern will not know whether he is an adequate representative to represent the putative class. Regardless, Northwestern contends that this case is not appropriate for class treatment under either Rule 23(b)(2) or (3).

**<u>Pending Motions and Case Plan</u>**

    **a. Identify all pending motions.**

No motions are currently pending.

  b. **Proposal for discovery and a case management plan:**

  **1) The general type of discovery needed, including any potential electronic discovery or bifurcated discovery;**

  Plaintiff will seek the production of documents and testimony from Defendant and third-parties relating to, *inter alia*, Northwestern's Title VI policies and enforcement of the same; Northwestern's policies governing the conduct of students, faculty, administrators, employees and third parties at Northwestern and enforcement of the same, reports of antisemitism on Northwestern's campus, Northwestern's response, if any, to reports of antisemitism. Plaintiff believes discovery will encompass ESI. At this time, Plaintiff is not aware of any disagreements regarding disclosure or discovery of ESI but will meet and confer regarding any such issues as soon as practicable in accordance with the Seventh Circuit Electronic Discovery Committee's Principles Relating to the Discovery of Electronically Stored Information. Plaintiff does not believe bifurcated discovery is appropriate in this case.

  Plaintiff does not believe delaying a Rule 26(f) conference or the action as a whole on the basis of the State Court Action (defined below) is warranted. Defendant has yet to move to remove the State Court Action to federal court and the outcome of such a motion if ever filed is unknown. Indeed, an initial status conference in the State Court Action will not be held until August 30, 2024. Further, the State Court Action is narrowly focused on its sole breach of contract claim pertaining to the April 2024 unauthorized demonstration called the "Liberated Zone," whereas this lawsuit includes a Title VI claim and relates to Northwestern's conduct before and after the Liberated Zone demonstration. Accordingly, there is no basis to delay this action for an indeterminate amount of time based on the State Court Action.

Northwestern anticipates filing a motion to dismiss under Federal Rules 12(b)(1) and 12(b)(6). Because that motion should dispose of all the claims in the case, Defendant will move to stay any discovery before the Court resolves that motion.

Northwestern will also move to consolidate this case with a related case recently filed against Northwestern in the Circuit Court of Cook County, Illinois alleging similar facts and an identical breach of implied contract claim on behalf of a similar class of Jewish students, *Doe 1 et al v. Northwestern University*, No. 2024-CH-04027 (Cir. Ct. Cook Cnty. May 1, 2024) (the "State Court Action"). Assuming that consolidation occurs, Northwestern believes that the Plaintiffs in both cases will need to coordinate discovery with Northwestern. Northwestern therefore believes that a full Rule 26(f) conference is premature. The parties should not set a schedule for discovery until after Northwestern responds to the current Complaint on July 22, 2024 or any amended, consolidated complaint, assuming the claims proceed past the Motion to Dismiss stage.

When discovery does commence, Northwestern intends to seek discovery from the Plaintiff regarding his specific interactions with protestors. Northwestern will also seek discovery regarding Plaintiff's alleged fear of ongoing harm and corresponding need for future injunctive relief.

**2) A date for Rule 26(a)(1) disclosures;**

Plaintiff proposes Rule 26(a)(1) disclosures to be exchanged by June 26, 2024.

Northwestern proposes that Rule 26(a)(1) disclosures be exchanged two weeks after the Plaintiffs file a consolidated complaint.

**3) A date to issue written discovery;**

Plaintiff proposes written discovery to be exchanged by July 17, 2024.

Northwestern believes that it is too early to set a date for issuing written discovery for two reasons. First, Northwestern intends to move to stay discovery until the Court resolves its

8

forthcoming motion to dismiss. Second, as noted above, Northwestern intends to move to consolidate this action with a related action. The parties cannot intelligently proceed with discovery until there is a consolidated complaint setting for the allegations and claims at issue.

**4) The need for, and content of, any proposed confidentiality orders, in accordance with the Local Rules for the Northern District of Illinois (parties should start with the model confidentiality order, file a motion seeking entry of the order, and send a redlined version and a clean Word version to proposed_order_blakey@ilnd.uscourts.gov);**

The parties believe a confidentiality order consistent with the model order of the Northern District of Illinois is necessary. The parties believe the Court may need to enter an order pursuant to the Federal Educational Rights and Privacy Act ("FERPA") and will propose a form of such order to Plaintiffs based on similar orders entered here in the Northern District of Illinois in putative class actions involving students. Further, Plaintiff intends to file a Motion to Proceed Pseudonymously.

**5) The need for, and content of, any Health Insurance Portability and Accountability Act (HIPAA) waivers;**

The parties do not anticipate the need for HIPAA waivers at this time.

**6) A fact discovery completion date;**

Plaintiff proposes a fact discovery completion date of December 26, 2024 (6 months from the start of discovery). As noted in paragraph 7 below, Plaintiff believes a further scheduling order will be necessary following a class certification decision by this Court. Consequently, Plaintiff believes a fact discovery completion date is premature. Plaintiff does not believe Northwestern's proposal to bifurcate discovery between "class certification issues" and "merits and damages and injunctive relief" is appropriate given the discovery necessary for class certification substantially overlaps with Northwestern's "phase two" discovery. Bifurcating discovery in the manner

9

proposed by Northwestern is highly inefficient and would create discovery disputes that would needlessly delay the action.

Northwestern believes that it is too early to set a date for completing fact discovery for two reasons. First, Northwestern intends to move to stay discovery until the Court resolves its forthcoming motion to dismiss. Second, as noted above, Northwestern intends to move to consolidate this action with a related action. The parties cannot intelligently proceed with discovery until there is a consolidated complaint setting for the allegations and claims at issue. Northwestern, accordingly, asks the Court to stay discovery until its Motion to Consolidate is adjudicated.

If the Court is not prepared to do that, Northwestern will meet and confer with Plaintiffs regarding how they could possibly complete fact discovery in six months given the issues raised above. Northwestern anticipates that the parties will need at least twelve months to complete discovery. Northwestern also proposes phased discovery with the first six months focused on class certification issues and the second phase on merits and damages and injunctive relief.

> **7) Whether there will be expert discovery, and, if so, an expert discovery completion date (including proposed deadlines for expert disclosures and depositions);**

Plaintiff anticipates the need for class expert discovery and Rule 26(a)(2) expert discovery post-class certification, and proposes the following schedules:

- Class Experts and Motion For Class Certification:
    - Plaintiff's Motion For Class Certification, and class expert reports: January 27, 2025.
    - Defendant's opposition to class certification, and class expert reports: March 28, 2025.
    - Plaintiff's reply in support of class certification and any rebuttal reports: April 28, 2025.

Plaintiff proposes that the parties confer within 30 days of the Court's decision on class certification to determine whether any additional discovery is necessary in light of the Court's Order, and confer regarding a proposed schedule for dispositive motions, Rule 26(a)(2) expert disclosures, and trial.

Assuming a consolidated complaint is filed promptly, Northwestern agrees with Plaintiff's proposed schedule for the disclosure of class certification experts and the filing of his Motion for Class Certification. The parties should meet and confer about any additional merits experts after the Court's ruling on Plaintiff's Motion for Class Certification.

**8) A proposed date for the filing of dispositive motions (if any); and**

Per above, the parties agree that a deadline for filing dispositive motions is not necessary at this time.

**9) A tentative trial date.**

Per above, the parties agree that setting a trial date is premature at this juncture.

**c. With respect to trial, indicate whether a jury trial is requested and the probable length of the trial.**

Plaintiff has demanded a jury trial, which is anticipated to last approximately 7-10 days.

If the claims go trial on an individual basis, Northwestern would anticipate needing 2-3 trial days and, if they proceed on a class-wide basis, 10-14 days.

**Consent to Proceed Before a Magistrate Judge**

The parties have discussed the advantages of a Magistrate Judge referral and the parties decline to consent to a Magistrate Judge at this time.

**Status of Settlement Discussions**

The parties have not had settlement discussions and do not believe such discussions would be productive at this time. Accordingly, the parties do not request a settlement conference.

Dated: June 5, 2024                                          Respectfully submitted,

<div style="display: flex;">

<div>

*/s/ Elizabeth A. Fegan*
Elizabeth A. Fegan
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Ph: 312.741.1019
Fax: 312.264.0100
beth@feganscott.com

Jonathan D. Lindenfeld
(*Pro Hac Vice*)
FEGAN SCOTT LLC
305 Broadway, 7th Floor
New York, NY 10007
Ph: 332.216.2101
Fax: 917.725.9346
jonathan@feganscott.com

David Freydin
LAW OFFICES OF DAVID FREYDIN
8707 Skokie Blvd # 312
Skokie, IL 60077
Ph: 312.544.0365
Fax: 866.575.3765
david.freydin@freydinlaw.com

*Attorneys for Plaintiff and the Proposed Class*

</div>

<div>

*/s/ James A. Morsch*
James A. Morsch
Casey Grabenstein
Elizabeth A. Thompson
SAUL EWING LLP
161 N. Clark Street, Suite 4200
Chicago, Illinois 60601
Tel: 312-876-7100
Jim.Morsch@saul.com
Casey.Grabenstein@saul.com
Elizabeth.Thompson@saul.com

Joshua Richards (*pro hac vice* pending)
SAUL EWING LLP
1500 Mark Street, 38th Floor
Philadelphia, PA 19102
Tel: 215-972-7737
Joshua.Richards@saul.com

*Attorneys for Northwestern University*

</div>

</div>