IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) No. 24-cv-4125<br>) |
| v. | )<br>)<br>) Hon. John Robert Blakey |
| NORTHWESTERN UNIVERSITY, | )<br>) |
| Defendant. | ) |

## MOTION TO REASSIGN AND CONSOLIDATE

Defendant Northwestern University ("Northwestern"), by its counsel Saul Ewing LLP, moves pursuant to Federal Rule of Civil Procedure 42 and Local Rule 40.4 to relate, reassign, and consolidate the recently removed case, *Jane Doe, et al. v. Northwestern University*, No. 24-cv-4831 ("*Jane*"), to and with the instant action *John Doe v. Northwestern University*, No. 24-cv-4125 ("*John*"). In support thereof, Northwestern states as follows:

1. On May 1, 2024, Plaintiffs Jane Doe, John Doe 1, and John Doe 2 filed a putative class action complaint in the Circuit Court of Cook County against Northwestern for breach of contract ("*Jane*"). On June 11, 2024, Northwestern removed *Jane* to the Northern District of Illinois pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). (A copy of the Notice of Removal, with the *Jane* Complaint included, is attached as Exhibit A). *Jane* was initially assigned to Judge Sharon Johnson Coleman although Northwestern's Civil Cover Sheet identified it as related to this case. (A copy of the Civil Cover Sheet filed in *Jane* is attached as Exhibit B).

2. Plaintiffs' complaint in *Jane* arises out of an alleged "encampment" that was created on April 25, 2024 in the center of Northwestern's Evanston campus. Plaintiffs allege that Northwestern breached its express or implied contract with them by failing to enforce its policies

regarding student demonstrations. (*Jane* Compl. ¶¶ 11-12, 22, 61-66.) Plaintiffs contend that the failure to enforce these policies left them in an unsafe campus environment and that they suffered damages as a result. (*Id.* ¶ 64.)

3. *Jane* Plaintiffs purport to represent the following class of individuals in their lawsuit: "All Jewish students currently enrolled at Northwestern's Evanston campus for the 2023-2024 academic school year who did not participate in the encampment." (Compl. ¶ 49.)

4. On May 20, 2024, Plaintiff John Doe brought the putative class action case pending in this Court against Northwestern ("*John*"). *John*, like *Jane*, arises out of the alleged encampment on Northwestern's Evanston campus. In it, Plaintiff John Doe seeks to recover for breach of contract for Northwestern's failure to enforce its policies regarding student demonstrations. Plaintiff John Doe also brings a claim under Title VI of the Civil Rights Act of 1964 for alleged intentional discrimination and a hostile environment towards Jewish students.

5. In *John*, Plaintiff John Doe seeks to represent a class of individuals consisting of: "All Jewish students enrolled at Northwestern University for the 2023-2024 academic year" but excluding any "Jewish students enrolled at Northwestern University who participated in the Liberated Zone encampment between April 25-29, 2024." (ECF No. 1: Compl. ¶¶ 320-321.) In other words, *Jane* and *John* allege identical proposed classes seeking relief against the same defendant, both arising out of purported breaches of contract in Northwestern's enforcement of its policies against protesting students involved in the April 2024 encampment.

6. Both *Jane* and *John* are in their preliminary stages. Northwestern has not yet filed a responsive pleading to either complaint,[1] no discovery has been served in either case, and no substantive rulings have been made by this Court or the Court hearing *Jane*.

---

[1] Northwestern has requested and received extensions to file its responsive pleadings to July 22, 2024 in both cases.

7. Federal Rule of Civil Procedure 42(a) provides that actions involving "common questions of law or fact" may be consolidated. "The primary purpose of consolidation is to promote convenience and judicial economy." *Mabry v. Vill. Mgmt., Inc.*, 109 F.R.D. 76, 79 (N.D. Ill. 1985). The question of whether to consolidate two cases is a matter left to the discretion of the trial court. *Sylverne v. Data Search N.Y., Inc.*, No. 08-cv-0031, 2008 WL 4686163, *1 (N.D. Ill. May 28, 2008) (*citing United States v. Knauer*, 149 F.2d 519 (7th Cir. 1945)). However, the "Seventh Circuit has emphasized that related cases pending within the same court should be consolidated before a single judge to avoid wasteful overlap." *Blocker v. City of Chicago*, No. 09-cv-7052, 2011 WL 1004137, *2 (N.D. Ill. Mar. 16, 2011) (*citing Blair v. Equifax Check Servs.*, 181 F.3d 832, 839 (7th Cir. 1999)).

8. In turn, Local Rule 40.4 provides that two class action cases may be related and reassigned to the same calendar if "one or more of the classes involved … is or are the same." The later-numbered case should be reassigned to the calendar of the earlier-numbered case where: (1) both cases are pending in the Northern District of Illinois; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding.

9. *Johnson v. Ford Motor Company*, No. 23-cv-14027, 2024 WL 1328829 (N.D. Ill. Mar. 28, 2024), is instructive. There, Brent Johnson sued Ford in a putative class action alleging that Ford sold and leased vehicles with a faulty backup camera in violation of the Magnuson-Moss Warranty Act and Oregon and Washington state law. A second class action – *Dorfman* – was filed against Ford alleging similar Magnuson-Moss claims, as well as California, Kentucky and

Michigan state law claims. The *Johnson* plaintiffs moved to consolidate the two class actions. The court granted the motion, finding that the two cases should be consolidated because they were both putative class actions, asserting similar claims in similar procedural postures. *Id.* at *3.

10. The same is true here and the standards set forth in Federal Rule of Civil Procedure 42 and Local Rule 40.4 warrant reassignment and consolidation. *Jane* and *John* involve the same set of facts, the same putative class, the same defendant, and the same cause of action. Accordingly, the two cases propose overlapping classes and involve the same factual and legal issues. It would be a waste of judicial and party resources for the cases to be heard by two different judges.

11. Furthermore, reassignment and consolidation will not prejudice any party. Neither case will be delayed in any fashion since both are in their preliminary stages and discovery has not begun. Thus, the two cases should be consolidated, and *Jane* should be reassigned to this Court.

12. Prior to filing this Motion, the undersigned informed opposing counsel in *Jane* and *John* of its plans to seek consolidation of the two cases before this Court. Plaintiff's counsel in *John* did not orally object during a conversation regarding consolidation but as of the time of this filing had not responded to a written request for her position. Counsel for Plaintiffs in *Jane* does object on the ground that the Court lacks subject matter jurisdiction to have removed *Jane* from state to federal court. However, Northwestern believes any motion to remand can be decided by this Court after reassignment and consolidation.

WHEREFORE, Defendant Northwestern University respectfully requests that this Court enter an order granting its Motion to Reassign and Consolidate, reassigning and consolidating *Doe, et al. v. Northwestern University*, 24-cv-4831, into this case, and granting any such further relief this Court deems equitable and just.

Dated: June 14, 2024                                                                 Respectfully submitted,

                                                                                                        NORTHWESTERN UNIVERSITY

                                                                                                        By: /s/ Elizabeth A. Thompson
                                                                                                                One of its attorneys

James A. Morsch (james.morsch@saul.com)
Casey Grabenstein (casey.grabenstein.com)
Elizabeth A. Thompson (elizabeth.thompson@saul.com)
Megan Warshawsky (megan.warshawsky@saul.com)
Saul Ewing LLP
161 North Clark Street, Suite 4200
Chicago, Illinois 60601
(312) 876-7100

Joshua W.B. Richards (joshua.richards@saul.com) – *pro hac vice*
Saul Ewing LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, Pennsylvania 19102
(215) 972-7777

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on June 14, 2024, she caused the foregoing **Motion to Reassign and Consolidate** to be filed electronically with the Clerk of the U.S. District Court, using the Court's CM/ECF system, which sent electronic notification to all parties who have appeared and are registered as CM/ECF participants in this matter, and sent notice via email to:

Steven P. Blonder (sblonder@muchlaw.com)
Joanne A. Sarasin (jsarasin@muchlaw.com)
Laura A. Elkayam (lelkayam@muchlaw.com)
Much Shelist, P.C.
191 North Wacker Drive, Suite 1800
Chicago, Illinois 60606

Counsel for Plaintiffs in *Doe, et al. v. Northwestern University*, 24-cv-4831.

/s/ Elizabeth A. Thompson