UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
Eastern Division

John Doe
                   Plaintiff,

v.                                          Case No.: 1:24−cv−04125
                                                          Honorable John Robert Blakey

Northwestern University
                  Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Tuesday, June 25, 2024:

      MINUTE entry before the Honorable John Robert Blakey: Defendant moves to reassign and consolidate Case No. 24−cv−4831 Doe v. Northwestern, currently pending before Judge Coleman, [17]. Local Rule 40.4 provides that two cases may be related if they: involve the same property, involve some of the same issues of fact or law, grow out of the same transaction or occurrence; or, in class action suits, involve the same classes. In this case, Plaintiff seeks damages and injunctive relief on behalf of himself and on behalf of "all Jewish students enrolled at Northwestern University in Illinois for the 2023−2024 academic year"; he sues for violation of Title VI of the Civil Rights Act of 1964 and breach of contract, see [1] 320, 329−355. In the case pending before Judge Coleman, Plaintiffs similarly sue on behalf of themselves and on behalf of "all Jewish students currently enrolled at Northwestern's Evanston campus for the 2023−2024 academic school year who did not participate in the encampment"; they claim just breach of contract and seek an order of specific performance. See Doe v. Northwestern, No. 24−cv−04831 at [1−1] 49, 56−70. Although differences exist, the cases overlap significantly, involving the same classes and issues, and stemming from the same occurrence. Both cases stem from the recent encampments and both assert claims arising from the University's alleged breach of its contractual obligations to provide a safe environment for all students. Reassignment is thus proper if: (1) both cases are pending in this Court (they are); (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort (it will); (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially (it has not); and (4) the cases are susceptible of disposition in a single proceeding (they are). Because the cases satisfy the requirements for reassignment, in consultation with Judge Coleman, the Court grants the motion for reassignment [17] and refers this matter to the Executive Committee so that Case No. 24−cv−04831 can be reassigned to this Court. The Court defers the question of consolidation until the pending motion to remand [9] is resolved in Case No. 24−cv−04831. The Court grants the motion for leave to appear pro hac vice [8] filed by Joshua W.B. Richards in Case No. 24−cv−04831. Defendant shall respond to the motion to remand [9] by 7/3/24. The 6/26/24 Notice of Motion date is stricken as to all motions. Mailed notice(gel, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.