IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NORTHWESTERN UNIVERSITY,<br><br>Defendant. | No. 24-cv-4125<br><br>Hon. John Robert Blakey |

**UNOPPOSED MOTION TO EXTEND THE DEADLINE TO
ANSWER OR RESPOND TO PLAINTIFFS' COMPLAINTS UNTIL
RESOLUTION OF THE MOTIONS TO REMAND AND CONSOLIDATE**

Defendant Northwestern University ("Northwestern"), by its counsel Saul Ewing LLP, moves for an extension of time to respond to the complaints filed in *Jane Doe, et al. v. Northwestern University*, No. 24-cv-4831 ("*Jane*") and *John Doe v. Northwestern University*, No. 24-cv-4125 ("*John*") until after the Court resolves the pending motions to remand and consolidate. In support of its motion, Northwestern states as follows:

1. On May 1, 2024, Plaintiffs Jane Doe, John Doe 1, and John Doe 2 filed a putative class action complaint in the Circuit Court of Cook County against Northwestern for breach of contract ("*Jane*") regarding Northwestern's alleged failure to enforce its policies regarding student demonstrations in connection with the encampment on Northwestern's Evanston campus. On June 11, 2024, Northwestern removed *Jane* to the Northern District of Illinois pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).

2. On May 20, 2024, Plaintiff John Doe filed the putative class action case pending in this Court against Northwestern ("*John*"). *John*, like *Jane*, arises out of the alleged encampment on Northwestern's Evanston campus. Plaintiff John Doe likewise seeks to recover for breach of

contract for Northwestern's failure to enforce its policies regarding student demonstrations. Plaintiff John Doe also brings a claim under Title VI of the Civil Rights Act of 1964 for alleged intentional discrimination and a hostile environment towards Jewish students.

3. On June 14, 2024, Northwestern filed a motion to consolidate the *Jane* and *John* class action cases before this Court.

4. On June 18, 2024, the plaintiffs in the *Jane* matter filed a motion before Judge Coleman to remand the class action to state court.

5. On June 25, 2024, the Executive Committee entered an order re-assigning the *Jane* case to this Court for all further proceedings pursuant to Local Rule 40.4.

6. One June 25, 2024, this Court entered an Order holding that reassignment was proper given that the allegations in the "cases overlap significantly" and involve "the same classes and issues." Dkt. No. 20. The Court found that "[b]oth cases stem from the recent encampments and both assert claims arising from the University's alleged breach of its contractual obligations to provide a safe environment for all students." *Id.*

7. The Court, however, deferred resolution of Northwestern's motion to consolidate until it resolves the motion to remand. Northwestern filed its response to the *Jane* plaintiffs motion to remand on July 3, 2024.

8. If the motion to remand is denied, the parties will move on to briefing Northwestern's motion to consolidate.

9. If the motion to consolidate is granted, Northwestern anticipates that the Court will direct the plaintiffs to file a consolidated complaint within a period of time, typically thirty days or more. *See, e.g., Fullerton, et al. v. Corelle Brands, et al.*, No. 18-cv-04152 (Dkt. No. 22) (J. Blakey) (ordering plaintiffs to file consolidated complaint within thirty days of consolidation

order); *Glebiv v. Midwest Gaming and Entertainment, LLC*, No. 23-cv-16225 (Dkt. No. 15) (J. Blakey) (ordering plaintiffs to file consolidated complaint within six weeks of consolidation order).

10. Northwestern's current deadline respond to both complaints is July 22, 2024.

11. The briefing and resolution of the motions to remand and consolidate may not be completed until after July 22, 2024. And any consolidated complaint won't be filed until well after July 22, 2024.

12. Given this timing, it is unclear whether Northwestern needs to respond to a yet-to-be-filed consolidated complaint or two separate complaints with different (state and federal) pleading standards.

13. Northwestern therefore seeks an order extending its deadlines to respond to the complaints that is keyed off the Court's resolution of the pending motions to remand and consolidate.

14. Specifically, Northwestern seeks an extension of twenty-one days to respond to both complaints if the motion to remand is granted or if the motion to consolidate is denied, whichever occurs first. If the motion to consolidate is granted, however, Northwestern seeks an extension of thirty days following the filing of the consolidated complaint.

15. Northwestern has contacted counsel for the *John* and *Jane* plaintiffs regarding the relief sought through this motion. The plaintiffs do not oppose the motion.

WHEREFORE, Defendant Northwestern University respectfully requests that the Court enter an order granting its motion to extend the deadline to respond to the complaints until either (a) twenty-one days from an order granting the *Jane* plaintiffs motion to remand or denying

Northwestern's motion to consolidate (whichever occurs first) or (b) thirty days from the filing of a consolidated complaint.

Dated: July 3, 2024                                                                                                    Respectfully submitted,

                                                                                                  NORTHWESTERN UNIVERSITY

                                                                                                  By: /s/ Casey T. Grabenstein
                                                                                                       One of its attorneys

James A. Morsch (james.morsch@saul.com)
Casey Grabenstein (casey.grabenstein.com)
Elizabeth A. Thompson (elizabeth.thompson@saul.com)
Megan Warshawsky (megan.warshawsky@saul.com)
Saul Ewing LLP
161 North Clark Street, Suite 4200
Chicago, Illinois 60601
(312) 876-7100

Joshua W.B. Richards (joshua.richards@saul.com) – *pro hac vice*
Saul Ewing LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, Pennsylvania 19102
(215) 972-7777

## **CERTIFICATE OF SERVICE**

      The undersigned attorney certifies that on July 3, 2024, she caused the foregoing motion to be filed electronically with the Clerk of the U.S. District Court, using the Court's CM/ECF system, which sent electronic notification to all parties who have appeared and are registered as CM/ECF participants in this matter, and sent notice via email to:

Steven P. Blonder (sblonder@muchlaw.com)
Joanne A. Sarasin (jsarasin@muchlaw.com)
Laura A. Elkayam (lelkayam@muchlaw.com)
Much Shelist, P.C.
191 North Wacker Drive, Suite 1800
Chicago, Illinois 60606

Counsel for Plaintiffs in *Doe, et al. v. Northwestern University*, 24-cv-4831.

                                                       /s/ Casey T. Grabenstein