**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.7.1.1**
**Eastern Division**

John Doe
                    Plaintiff,

v.                                            Case No.: 1:24−cv−04125
                                                             Honorable John Robert Blakey

Northwestern University
                    Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Tuesday, July 9, 2024:

      MINUTE entry before the Honorable John Robert Blakey: When it granted Defendant's motion to reassign Case No. 24−cv−4831 as related to this case, the Court noted that, "although differences exist, the cases overlap significantly"; the cases involve the same plaintiffs, stem from the same occurrence, and assert common claims. See [20]. One difference is that the Plaintiff in Case No. 24−cv−4831 filed her lawsuit in state court. Defendant removed the case under the Class Action Fairness Act (CAFA), [1], and Plaintiff now moves to remand [9]. Under the CAFA, federal courts have jurisdiction over cases in which: (1) the class consists of 100 or more members (whether they are named or unnamed); (2) any plaintiff is a citizen of a state different from that of any defendant; and (3) the aggregate amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs of suit. 28 U.S.C. §§ 1332(d)(2); (d)(6). Plaintiff challenges only the last element: she argues that the CAFA cannot confer jurisdiction because she seeks injunctive, not monetary relief, and the relief she seeks will not be expensive as she's simply asking Defendant to do what it is contractually bound to do: to enforce its codes of conduct and maintain a safe campus environment. [9] at 3. Where the plaintiff challenges the "defendant's amount in controversy allegations, the defendant must establish by the preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold." Peatry v. Bimbo Bakeries USA, Inc., 393 F. Supp. 3d 766, 768 (N.D. Ill. 2019) (citing Roppo v. Travelers Commercial Ins. Co., 869 F.3d 568, 579 (7th Cir. 2017)). "Once the defendant meets that burden, the Court may remand the case 'only if the plaintiff can establish the claim is for less than the requisite amount to a legal certainty.' " Id. (citing Roppo, 869 F.3d at 579). See also Spivey v. Vertrue, Inc., 528 F.3d 982, 986 (7th Cir. 2008) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much."). The claims Plaintiff raises, and the issues and incidents that gave rise to the asserted claims remain complicated. Whatever the solution, it remains clear that the cost of prospective injunctive relief counts for purposes of establishing jurisdiction. See, e.g., Tropp v. W.−S. Life Ins. Co., 381 F.3d 591, 595 (7th Cir. 2004) ("the cost a defendant incurs in complying with injunctive relief is a legitimate consideration in a jurisdictional inquiry"); Abraham v. State Farm Mut. Auto. Ins. Co., No. 19−CV−3028, 2020 WL 1433782, at *3 (N.D. Ill. Mar. 24, 2020) ("courts assessing the amount in controversy in lawsuits seeking prospective equitable

relief must consider, among other things, the cost to 'comply with an injunction,' 'if the class is right.'"). And, although it may be hard at this point to put a price tag on the relief Plaintiff seeks, it is not hard, based upon the current record, to find that the cost of the remedial measures will run well north of $5 million. Certainly, it is not legally impossible that the amount in controversy satisfies CAFA's threshold. Accordingly, the Court denies Plaintiff's motion to remand [9] and consolidates these cases for all further proceedings. The Court grants Defendant's motion to extend time [21] and strikes the 7/10/24 Notice of Motion date. Plaintiffs shall file any consolidated complaint by 8/6/24, and Defendant shall respond to the consolidated complaint by 8/27/24. The parties shall file a joint status report by 9/6/24, using the model template set forth in this Court's standing order regarding Initial (or Reassignment) Status Conferences. Mailed notice(gel, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.