**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JANE DOE, JOHN DOE 1, JOHN DOE 2, and JOHN DOE 3, individually and on behalf of all other students similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:24-CV-04125-JRB-JC |
| v. | ) ) ) | |
| NORTHWESTERN UNIVERSITY, | ) ) | |
| Defendant. | ) | |

**DEFENDANT'S UNOPPOSED MOTION FOR LEAVE TO**
**EXCEED PAGE LIMIT FOR MOTION TO DISMISS**

Defendant Northwestern University ("Northwestern"), by its counsel Saul Ewing LLP, moves for leave to file a motion to dismiss in excess of fifteen (15) pages, in response to Plaintiffs' consolidated class action complaint filed in *Jane Doe, et al. v. Northwestern University*, No. 1:24-CV-04125-JRB-JC. In support of its motion, Northwestern states as follows:

1.      On August 6, 2024, Plaintiffs Jane Doe, John Doe 1, John Doe 2, and John Doe 3 filed a consolidated class action complaint against Northwestern in the United States District Court for the Northern District of Illinois, Eastern Division, alleging breach of contract and violations of Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d, *et seq.*) in relation to Northwestern's alleged failure to enforce its policies regarding student demonstrations in connection with the encampment on Northwestern's Evanston campus.

2.      Northwestern intends to file a motion to dismiss on or before the deadline to answer the consolidated class action complaint or to other plead, which is currently set for August 27, 2024. Dkt. No. 23.

3.      Northern District of Illinois Local Rule 7.1 states that no brief in support of or in opposition to any motion pending in this Court shall exceed fifteen (15) pages in length without prior court approval. N.D. Ill. L.R. 7.1.

4.      Northwestern believes that good cause exists to file an oversized motion to dismiss in this case.

5.      Plaintiffs' consolidated class action complaint is 66 pages in length and contains 230 paragraphs of factual allegations involving four Plaintiffs, in addition to the proposed class of Plaintiffs defined in the consolidated class action complaint. Dkt. No. 166.

6.      Plaintiffs' complaint also seeks several categories of relief, including injunctive relief and punitive damages, that Northwestern intends to address through its motion.

7.      Northwestern tried in good-faith to limit its motion to dismiss to 15 pages. However, to properly address the substantial, fact-intensive allegations in Plaintiffs' consolidated class action complaint, Northwestern requires an addition ten (10) pages.

8.      As such, Northwestern asks leave of court to file a 25-page Motion to Dismiss.

9.      The inclusion of the extra ten (10) pages will not prejudice Plaintiffs.

10.     Northwestern has agreed to grant Plaintiffs the same ten (10) page extension to the page limit for Plaintiffs' response brief.

11.     Northwestern has contacted counsel for Plaintiffs regarding the relief sought through this motion.  Plaintiffs do not oppose the motion.

WHEREFORE, Defendant Northwestern University respectfully requests that this Court grant its motion for leave to file a motion to dismiss that is 25 pages in length.

Dated: August 23, 2024                                     Respectfully submitted,

                                                          NORTHWESTERN UNIVERSITY

                                                          By: */s/ Casey T. Grabenstein*
                                                               One of its attorneys

James A. Morsch (james.morsch@saul.com)
Casey Grabenstein (casey.grabenstein@saul.com)
Elizabeth A. Thompson (elizabeth.thompson@saul.com)
Megan Warshawsky (megan.warshawsky@saul.com)
Saul Ewing LLP
161 North Clark Street, Suite 4200
Chicago, Illinois 60601
Tel.: (312) 876-7100

Joshua W.B. Richards (joshua.richards@saul.com)
Admitted *Pro Hac Vice*
Saul Ewing LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, Pennsylvania 19102
Tel.: (215) 972-7777

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on August 23, 2024, he caused the foregoing motion to be filed electronically with the Clerk of the U.S. District Court, using the Court's CM/ECF system, which sent electronic notification to all parties who have appeared and are registered as CM/ECF participants in this matter.

*/s/ Casey T. Grabenstein*