UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANE DOE, et al., individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>NORTHWESTERN UNIVERSITY,<br><br>  Defendant. | )<br>)<br>)<br>)<br>) Case No. 1:24-cv-04125-JRB-JC<br>)<br>)<br>) Honorable John Robert Blakey<br>)<br>)<br>)<br>)<br>) |

**JOINT STATUS REPORT**

Plaintiffs Jane Doe 1, John Doe 1, John Doe 2, and John Doe 3 ("Plaintiffs") and Defendant Northwestern University ("Northwestern") by and through their attorneys, have conferred as required by the Court's July 9, 2024 Order (Dkt. No. 23) and jointly submit the following Joint Status Report.

**Service of Process**

Northwestern was served with the initial Complaint on May 22, 2024. *See* Dkt. No. 7. On August 6, 2024, Plaintiffs filed the Consolidated Class Action Complaint, which was served via ECF. *See* Dkt. No. 24. On August 27, 2024, Northwestern moved to dismiss the Consolidated Class Action Complaint. *See* Dkt. No. 28.

**Nature of the Case**

    **a. Attorneys of record, and lead trial counsel, for each party.**

        **Attorneys for Plaintiffs:**

Elizabeth A. Fegan (Lead Counsel)  
FEGAN SCOTT LLC  
150 S. Wacker Dr., 24th Floor  
Chicago, IL 60606  
Ph: 312.741.1019  
Fax: 312.264.0100  
beth@feganscott.com  

Jonathan D. Lindenfeld  
(*Pro Hac Vice*)  
FEGAN SCOTT LLC  
305 Broadway, 7th Floor  
New York, NY 10007  
Ph: 332.216.2101  
Fax: 312.264.0100  

David Freydin  
LAW OFFICES OF DAVID FREYDIN  
8707 Skokie Blvd # 312  
Skokie, IL 60077  
Ph: 312.544.0365  
Fax: 866.575.3765  

Steven P. Blonder (Lead Counsel)  
(sblonder@muchlaw.com)  
Joanne A. Sarasin  
(jsarasin@muchlaw.com)  
Laura A. Elkayam  
(lelkayam@muchlaw.com)  
MUCH SHELIST, P.C.  
191 N. Wacker Drive, Suite 1800  
Chicago, Illinois 60606  
(312) 521-2000  

**Attorneys for Defendant:**

James A. Morsch  
Casey Grabenstein  
Elizabeth Thompson  
Megan Warshawsky  
SAUL EWING LLP  
161 North Clark Street, Suite 4200  
Chicago, IL 60601  
Ph: 312-876-7100  

Joshua Richards  
SAUL EWING LLP  
1500 Market Street, 38th Floor  
Philadelphia, PA 19102  
Ph: 215-972-7737  

**b. Basis for federal jurisdiction.**

The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 over claims arising under Title VI. The Court also has jurisdiction pursuant to the Class Action Fairness Act

("CAFA"), 28 U.S.C. § 1332(d). In addition, the Court has supplemental jurisdiction over Plaintiffs' state law claim under 28 U.S.C. § 1367(a) because those claims arise out of the same case or controversy as Plaintiffs' federal claim.

**c. Nature of the claim(s) and any counterclaim(s), or affirmative defense(s).**

Plaintiffs allege that they are Jewish students enrolled in Northwestern. Plaintiffs allege that they and other Jewish students have experienced direct discrimination and severe and pervasive harassment and discrimination at Northwestern since, at least, October 7, 2023, which Northwestern was deliberately indifferent to and failed to take reasonable steps to address. In particular, Plaintiffs allege that Northwestern permitted students, employees, and persons unaffiliated with Northwestern to threaten with physical violence and otherwise intimidate Plaintiffs and other Jewish students based on their shared ancestry and ethnic identity as Jews. Plaintiffs allege that Northwestern was aware of such antisemitic conduct directed at Jewish students and knowingly allowed it to continue on campus. Plaintiffs allege Northwestern has a discriminatory policy of being lax on (and encouraging and platforming) anti-Jewish discrimination (by students and faculty), though not other types of discrimination. Accordingly, Plaintiffs allege that they and other Jewish students at Northwestern have been denied equal access to Northwestern educational opportunities and equal access to Northwestern's campus. Plaintiffs allege that Northwestern's conduct violates Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d et seq.) and constitutes a breach of the contract entered into by Plaintiffs and Northwestern at the time of enrollment.

Northwestern disputes the allegations of the Consolidated Complaint and both theories of liability. Northwestern contends it did not discriminate against its Jewish students or unfairly deny them access to classrooms and campus resources during the political protests at

Northwestern's Evanston campus following the horrific events of October 7, 2023. Northwestern also disputes that any of the statements from the various student policies, websites, and other documents quoted in the Consolidated Complaint can form the basis for a contract. Northwestern further contends that its students do not have an implied contract with the University to protect them against unwelcome political speech or to provide them unencumbered access to classrooms and other campus activities during demonstrations by other students, and even if there is such an implied agreement, Northwestern did not breach it. Northwestern further disputes Plaintiffs' allegation that such speech created a hostile environment that is actionable under Title VI or that the University's response to the political protests on campus was deliberately indifferent, as required under governing legal standards. Finally, Northwestern disputes that there is any need for injunctive relief since the encampment referenced in the Consolidated Complaint has been removed, disciplinary proceedings against students who violated the University's Student Code of Conduct are ongoing, and certain of the Plaintiffs are no longer enrolled at Northwestern.

**d. State the major legal and factual issues anticipated in the case.**

Plaintiffs anticipate the following major legal and factual issues in the case:

- The extent to which Jewish students faced a hostile environment and discrimination at Northwestern based on their actual or perceived shared ancestry or ethnic identity as Jews.

- The extent to which Northwestern has and upholds de facto discriminatory policies regarding the protection of Jewish students and/or the enforcement of policies for the protection of Jewish students.

- Northwestern's knowledge concerning the hostile environment and discrimination Jewish students faced on campus.

- Northwestern's response to antisemitism on its campus.

- Whether the Northwestern Student Handbook, demonstration policy, and anti-discrimination policies, among other Northwestern policies governing conduct on

4

campus, are implied terms of the contract formed between Plaintiffs and Northwestern at the time of enrollment.

- Whether Northwestern ignored violations of its Student Handbook when the prohibited conduct concerned Jewish victims and antisemitism.

- The extent to which Plaintiffs and other Jewish students were denied equal access to Northwestern educational opportunities and equal access to Northwestern's campus.

- Whether Northwestern violated Title VI of the Civil Rights Act of 1964 by allowing and/or failing to address the hostile environment and discrimination Jewish students faced on campus.

- Whether Plaintiffs are entitled to injunctive relief, including as demanded in the Consolidated Class Action Complaint. and

- Plaintiffs' injuries caused by Northwestern's conduct alleged in the Consolidated Class Action Complaint.

Northwestern anticipates the following major factual and legal issues in the case:

- Whether the statements from Northwestern's Student Handbooks, policies, and websites quoted in the complaint can form the basis for an express contract.

- Whether there is an implied contract between Northwestern and its students.

- The scope of any contract between Northwestern and its students, including whether that contract gives Plaintiffs and members of the putative class the right to demand that Northwestern terminate employees, discipline other students, enforce its Student Code of Conduct, provide unfettered access to classrooms and campus facilities, and ensure that students are not subject to hateful speech and conduct.

- Whether Northwestern's response to the protests on campus was "clearly unreasonable."

- Whether the conduct alleged is sufficient to establish a hostile environment under Title VI and whether the Northwestern's response to the protests on campus was deliberately indifferent.

- Whether members of the putative class are ascertainable given that Northwestern does not track the religious affiliation of its students or the identities of students who participated in the anti-Israel protests or were injured as a result thereof.

- Whether the Plaintiffs are adequate and typical class representatives.

- Whether Plaintiffs' claims raise common issues that will predominate over individual issues affecting the claims of members of the putative class.

- Whether Plaintiffs and members of the putative class suffered a cognizable injury as a result of Northwestern's purported actions.

- Whether the damages sought by Plaintiffs and members of the putative class are calculable and/or are barred by the educational malpractice doctrine.

- Whether Plaintiffs' claims are ripe in light of Northwestern's ongoing efforts to combat antisemitism and because disciplinary proceedings against students who violated the University's Student Code of Conduct are ongoing.

- Whether Plaintiffs have standing to obtain injunctive relief, the scope of that relief and the practicability of Northwestern providing such relief.

**e. Describe the type and calculation of damages and any other relief sought by Plaintiff.**

Plaintiffs seek on behalf of themselves and a Class comprised of Jewish students enrolled at Northwestern at the Evanston campus for the 2023-2024 academic year (as further defined in ¶¶ 184-185 of the Consolidated Class Action Complaint): (i) a declaration that Northwestern's actions, as alleged in the Consolidated Class Action Complaint, violate Title VI and constitute a breach of contract; (ii) an award of compensatory and punitive damages in an amount to be determined at trial; and (iii) an order compelling it to implement institutional and concrete remedial measures, including: (1) investigate and take disciplinary measures, including termination, against deans, administrators, professors, and other employees responsible for the antisemitic abuse permeating Northwestern leading to the intolerable hostile environment, whether because they engaged in or permitted it; (2) investigate and take disciplinary measures, including suspension or expulsion, against students and student organizations who engaged in such conduct; (3) implement required antisemitism training for Northwestern community members; (4) investigate all instances of antisemitism that occurred during Northwestern's 2023-2024 academic

6

year; and (5) appoint a neutral expert monitor to oversee compliance with this Court's order, Northwestern anti-discrimination and -harassment policies, and Title VI.

Northwestern disputes that Plaintiffs or members of the putative class suffered a cognizable injury under Article III or Title VI. Northwestern also contends that this case is not appropriate for class treatment under either Rule 23(b)(2) or (3).

**Pending Motions and Case Plan**

    a.  **Identify all pending motions.**

On August 27, 2024, Northwestern moved to dismiss Plaintiffs' Consolidated Class Action Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1). Dkt. No. 28. On August 30, 2024, Plaintiff John Doe 3 filed an unopposed motion to proceed pseudonymously. Dkt No. 29.

    b.  **Proposal for discovery and a case management plan:**

        **1) The general type of discovery needed, including any potential electronic discovery or bifurcated discovery;**

Plaintiffs will seek the production of documents and testimony from Defendant and third-parties relating to, *inter alia*, Northwestern's Title VI policies and enforcement of the same; Northwestern's policies governing the conduct of students, faculty, administrators, employees and third parties at Northwestern and enforcement of the same, reports of antisemitism on Northwestern's campus, Northwestern's response, if any, to reports of antisemitism. Plaintiffs believe discovery will encompass ESI. At this time, Plaintiffs are not aware of any disagreements regarding disclosure or discovery of ESI but will meet and confer regarding any such issues as soon as practicable in accordance with the Seventh Circuit Electronic Discovery Committee's Principles Relating to the Discovery of Electronically Stored Information. Plaintiffs do not believe bifurcated discovery is appropriate in this case.

Plaintiffs believe a Rule 26(f) conference should be set as soon as possible and discovery should commence forthwith.

Because Northwestern's pending Motion to Dismiss the Consolidated Complaint should dispose of all the claims in the case, Northwestern does not believe that discovery is appropriate at this time. While the filing of a motion to dismiss does not always justify a stay of discovery, a stay is appropriate here in light of the high bar for Title VI claims and the U.S. Supreme Court's directive not to "second guess" the methods used by colleges to resolve alleged on-campus harassment.

If discovery does eventually commence, Northwestern intends to seek discovery from the Plaintiffs regarding their specific interactions with protestors. Northwestern will also seek discovery regarding Plaintiffs' alleged fear of ongoing harm and corresponding need for future injunctive relief.

**2) A date for Rule 26(a)(1) disclosures;**

Plaintiffs propose Rule 26(a)(1) disclosures to be exchanged by September 16, 2024. Plaintiffs note that in the initial joint status report filed by the parties, Northwestern "propose[d] that Rule 26(a)(1) disclosures be exchanged two weeks after the Plaintiffs file a consolidated complaint," Dkt. No. 16 at 8, which occurred on August 6, 2024.

Northwestern proposes that Rule 26(a)(1) disclosures be exchanged two weeks after the Court rules on its Motion to Dismiss the Consolidated Complaint. At the time the prior Status Report was filed (June 5, 2024), the cases had not yet been consolidated and Northwestern had not had the opportunity to review the Consolidated Complaint. Due to the pending Motion to Dismiss, Northwestern believes it is appropriate to exchange Rule 26(a)(1) disclosures after the Court rules on the Motion.

**3) A date to issue written discovery;**

Plaintiffs propose written discovery to be exchanged by September 27, 2024. For the reasons explained above, Northwestern believes discovery is premature at this point.

**4) The need for, and content of, any proposed confidentiality orders, in accordance with the Local Rules for the Northern District of Illinois (parties should start with the model confidentiality order, file a motion seeking entry of the order, and send a redlined version and a clean Word version to proposed_order_blakey@ilnd.uscourts.gov);**

The parties believe a confidentiality order consistent with the model order of the Northern District of Illinois is necessary. The parties believe the Court may need to enter an order pursuant to the Federal Educational Rights and Privacy Act ("FERPA") and will propose a form of such order to Plaintiffs based on similar orders entered here in the Northern District of Illinois in putative class actions involving students. Further, Plaintiff John Doe 3 has filed his Unopposed Motion to Proceed Pseudonymously and, prior to consolidation, the Circuit Court of Cook County, Illinois granted the Jane Doe, John Doe 1, and John Doe 2's Petition to Appear and Proceed Under Fictitious Names Pursuant to 735 ILCS 5/2-401(E).

**5) The need for, and content of, any Health Insurance Portability and Accountability Act (HIPAA) waivers;**

The parties do not anticipate the need for HIPAA waivers at this time.

**6) A fact discovery completion date;**

Plaintiffs propose a fact discovery completion date of March 14, 2025 (6 months from the start of discovery). As noted in paragraph 7 below, Plaintiffs believe a further scheduling order will be necessary following a class certification decision by this Court. Consequently, Plaintiffs believe a fact discovery completion date is premature. Plaintiffs do not believe Northwestern's proposal to bifurcate discovery between "class certification issues" and "merits and damages and injunctive relief" is appropriate given the discovery necessary for class certification substantially overlaps with Northwestern's "second phase" discovery. Bifurcating discovery in the manner

9

proposed by Northwestern is highly inefficient and would create discovery disputes that would needlessly delay the action. Further, Plaintiffs believe that Northwestern's attempt to extend discovery by "at least" six months is highly prejudicial to Plaintiffs and does not account for the serious and continuing antisemitic hostility Jewish students face on campus.

For the reasons explained above, Northwestern believes discovery is premature at this point. If the Court disagrees, Northwestern will meet and confer with Plaintiffs regarding how they could possibly complete fact discovery in six months given the issues raised above. Northwestern anticipates that the parties will need at least twelve months to complete fact discovery. Northwestern also proposes phased discovery with the first six months focused on class certification issues and the second phase on merits and damages and injunctive relief. To be clear, Northwestern is not suggesting that discovery be formally bifurcated, but instead that the parties first focus on class discovery given that the proposal is for Plaintiffs' Motion for Class Certification to be filed by April 14, 2025. Given the scope of this case, Northwestern does not believe it is reasonable to complete all fact discovery in six months and thus proposed the phased discovery such that the parties can move expeditiously on determining whether this case can proceed as a class action, which Northwestern asserts it cannot.

**7) Whether there will be expert discovery, and, if so, an expert discovery completion date (including proposed deadlines for expert disclosures and depositions);**

Plaintiffs anticipate the need for class expert discovery and Rule 26(a)(2) expert discovery post-class certification, and proposes the following schedules:

- Class Experts and Motion For Class Certification:

    o Plaintiffs' Motion For Class Certification, and class expert reports: April 14, 2025.

    o Defendant's opposition to class certification, and class expert reports: June 13, 2025.

- - o  Plaintiffs' reply in support of class certification and any rebuttal reports: July 14, 2025.

Plaintiffs propose that the parties confer within 30 days of the Court's decision on class certification to determine whether any additional discovery is necessary in light of the Court's Order, and confer regarding a proposed schedule for dispositive motions, Rule 26(a)(2) expert disclosures, and trial.

Assuming the Court denies Northwestern's Motion to Dismiss the Consolidated Complaint, Northwestern agrees with Plaintiff's proposed schedule for the disclosure of class certification experts and the filing of their Motion for Class Certification. The parties should meet and confer about any additional merits experts after the Court's ruling on Plaintiff's Motion for Class Certification.

**8) A proposed date for the filing of dispositive motions (if any); and**

Per above, the parties agree that a deadline for filing dispositive motions is not necessary at this time.

**9) A tentative trial date.**

Per above, the parties agree that setting a trial date is premature at this juncture.

**c. With respect to trial, indicate whether a jury trial is requested and the probable length of the trial.**

Plaintiffs have demanded a jury trial, which is anticipated to last approximately 7-10 days. If the claims go trial on an individual basis, Northwestern would anticipate needing 2-3 trial days and, if they proceed on a class-wide basis, 10-14 days.

**Consent to Proceed Before a Magistrate Judge**

The parties have discussed the advantages of a Magistrate Judge referral and the parties decline to consent to a Magistrate Judge at this time.

**Status of Settlement Discussions**

The parties have not had settlement discussions and do not believe such discussions would be productive at this time. Accordingly, the parties do not request a settlement conference.

Dated: September 6, 2024

*/s/ Elizabeth A. Fegan*

Elizabeth A. Fegan
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Ph: 312.741.1019
Fax: 312.264.0100
beth@feganscott.com

Jonathan D. Lindenfeld
(*Pro Hac Vice*)
FEGAN SCOTT LLC
305 Broadway, 7th Floor
New York, NY 10007
Ph: 332.216.2101
Fax: 917.725.9346
jonathan@feganscott.com

David Freydin
LAW OFFICES OF DAVID FREYDIN
8707 Skokie Blvd # 312
Skokie, IL 60077
Ph: 312.544.0365
Fax: 866.575.3765
david.freydin@freydinlaw.com

*/s/ Steven P. Blonder*

Steven P. Blonder (sblonder@muchlaw.com)
Joanne A. Sarasin (jsarasin@muchlaw.com)
Laura A. Elkayam (lelkayam@muchlaw.com)
MUCH SHELIST, P.C.
191 N. Wacker Drive, Suite 1800
Chicago, Illinois 60606
(312) 521-2000

*Attorneys for Plaintiffs and the Proposed Class*

Respectfully submitted,

*/s/ Elizabeth A. Thompson*

James A. Morsch
Casey Grabenstein
Elizabeth A. Thompson
Megan Warshawsky
SAUL EWING LLP
161 N. Clark Street, Suite 4200
Chicago, Illinois 60601
Tel: 312-876-7100
Jim.Morsch@saul.com
Casey.Grabenstein@saul.com
Elizabeth.Thompson@saul.com
Megan.warshawsky@saul.com

Joshua W.B. Richards (*pro hac vice*)
SAUL EWING LLP
1500 Mark Street, 38th Floor
Philadelphia, PA 19102
Tel: 215-972-7777
Joshua.Richards@saul.com

*Attorneys for Northwestern University*