UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | |
|---|---|
| JANE DOE, JOHN DOE 1, JOHN DOE 2 and JOHN DOE 3, individually and on behalf of all other students similarly situated, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) Case No. 1:24-cv-01425 |
| v.<br>NORTHWESTERN UNIVERSITY, | )<br>) Honorable Judge John R. Blakey<br>)<br>) |
| Defendant. | ) |

**MOTION BY NJAC AND CAAN FOR LEAVE
TO FILE BRIEF AS *AMICI CURIAE* IN SUPPORT OF PLAINTIFFS**

Proposed amici curiae National Jewish Advocacy Center ("NJAC") and Coalition Against Antisemitism at Northwestern ("CAAN"), by and through the undersigned counsel, respectfully move this Court for permission to file an *amici curiae* brief in support of the arguments presented in Plaintiffs' Response in Opposition to Northwestern's Motion to Dismiss [Dkt. No. 34]. In support of this motion, proposed *amici* state as follows:

1. Plaintiff has consented to the filing of this amici brief. Counsel for the amici contacted counsel for Northwestern University to inquire about the University's position about the motion to file an amicus brief and the University takes no position on the motion. The motion should be granted for the following reasons.

2. This *amici curiae* brief (attached as Exhibit 1 to this Motion) is submitted on behalf of two not-for-profit organizations whose mission is to advocate against antisemitism. The National Jewish Advocacy Center, Inc. ("NJAC") is a nationally prominent nonprofit organization committed to fighting antisemitism and avoiding harm to Jewish people. The Coalition Against Antisemitism at Northwestern ("CAAN") is a community of thousands of Jewish and Israeli students, parents, professors, and others interested in advocating against antisemitism at Northwestern University.

1

3.    This Court has broad discretion to permit the filing of an *amicus curiae* brief "when the amicus has an interest…that may be affected by the decision in the present case" or "when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997); *see also, e.g.*, *Property Casualty Insurers Assoc. of Am. v. Donovan*, 66 F. Supp. 3d 1018, 1034 & n.5 (N.D. Ill. 2014); *Chamberlain Grp. Inc. v. Interlogix Inc.*, 2004 WL 1197258, at *1 (N.D. Ill. May 28, 2004);

4.    Here, the *amici curiae* satisfy both bases for filing a brief in this case. Proposed *amici curiae* have a strong interest in this case. *Amici curiae* advise state and federal legislatures regarding antisemitism on school campuses and the role of specific organizations such as Students for Justice in Palestine with respect thereto, often testifying in state and federal congressional sessions as experts, as well as representing students and faculty at the elementary, secondary and university level in the protection of their rights to safely avail themselves of their right to a harassment-free education under Title VI. Second, the *amici curiae* are in a unique position to provide the Court with unique position to provide the Court with unique insights and perspectives that are not available to the parties, concerning the application of precedent and public policy related to Defendant's obligations under Title VI, the contemporary trend to characterize antisemitic crimes as anti-Israel advocacy, and the role of Students for Justice in Palestine in the unlawful harassment and physical intimidation of faculty and students in violation of law and university policies.

5.    The *amici curiae* agree with Plaintiffs' position that their claims should not be dismissed. *Amici curiae*'s proposed brief does not duplicate the arguments made by Plaintiffs about why they are entitled to proceed with their complaint. Instead, the proposed amicus curiae

brief provides the Court with specific information regarding the voidable, ultra vires actions taken by the university in its agreement with rioting students, its breaches of fiduciary duties to donors and stakeholders, its failure to adhere to its own fiscal guidelines, and the potential practical consequences to the university should it be permitted to maintain the status quo pursuant to this agreement.

6. No party or counsel for a party authored this brief in whole or in part, and no person other than *amici curiae* or its counsel contributed any money to fund its preparation or submission. Neither of the *amici curiae* is a subsidiary or affiliate of any publicly owned corporation.

7. *Amici curiae*'s motion for leave and proposed brief are timely submitted. *Cf.* Fed. R. App. P. 29(a)(6) (allowing *amicus curiae* briefs to be filed "no later than 7 days after the principal brief of the party being supported is filed"). No party would be prejudiced by the filing of this *amici curiae* brief.

For the foregoing reasons, the NJAC and CAAN respectfully request that the Court grant leave to file the proposed amici curiae brief, which is attached hereto as Exhibit 1.

Dated: September 24, 2024

Respectfully submitted,

/s/ Stephanie A. Scharf

Stephanie A. Scharf
Theodore Banks
SCHARF BANKS MARMOR LLC
30 West Hubbard Street, Suite 500
Chicago, IL 60654
Tel: (312) 726-6000
sscharf@scharfbanks.com
tbanks@scharfbanks.com

*Counsel for Amici Curiae*

3

## CORPORATE DISCLOSURE STATEMENT AND
## NOTIFICATION OF NO PUBLICLY HELD AFFILIATES

Each amicus certifies that this is a non-profit corporation, has no parent corporation, does not issue stock, and has no publicly held affiliates.

/s/ Stephanie A. Scharf

## CERTIFICATE OF SERVICE

I, Stephanie Scharf, hereby certify that I caused the foregoing MOTION FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE* IN SUPPORT OF PLAINTIFFS to be served on all counsel of record to matter 24-cv-04125 via ECF Filing on September 24, 2024.

Dated: September 24, 2024           /s/ Stephanie A. Scharf